IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OWEN HARTY, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 19-4127 |
| | : | |
| NEM LIMITED PARTNERSHIP, | : | |
| | : | |
| Defendant. | : | |

MEMORANDUM

TUCKER, J.                                                                 August 12, 2021

Before the Court are dueling Motions for Summary Judgment from Defendant Nem Limited Partnership (ECF 18) and Plaintiff Owen Harty (ECF 22). Upon careful consideration of the Parties' submissions, and for the reasons outlined below, Plaintiff's motion is granted and Defendant's motion is denied.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff Owen Harty is a paraplegic who uses a wheelchair, qualifying him as a disabled person under the Americans with Disabilities Act (ADA). Harty, a licensed PI and firearms instructor, is also an ADA tester and frequently visits the Philadelphia area for both professional reasons and to see extended family.

In June 2019, Harty visited a strip mall owned by Defendant Nem Limited Partnership. The mall, Stony Pond Plaza, is located at 480 Conchester Rd. in Aston, Pennsylvania. He alleges the discovery of several accessibility barriers during this visit, including "noncompliant parking spaces, excessive slopes, excessive changes in level, un-level landings, non-compliant curb

---

[1] This section primarily draws from Plaintiff's Statement of Material Facts in his Motion for Summary Judgment (ECF 23).

1

ramps, improper door thresholds, inaccessible doorways, and non-compliant seating." Statement ¶ 5. These accessibility problems formed the basis for Harty's lawsuit.

Title III of the Americans with Disabilities Act forbids discrimination against individuals with disabilities in public accommodations. 42 U.S.C. § 12182(a). Discrimination can include "a failure to remove architectural barriers . . . that are structural in nature, in existing facilities . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). To help enforce these public accommodation provisions, the ADA provides for a private right of action by "any person who is being subjected to discrimination on the basis of disability." 42 U.S.C. § 12188(a)(1). Private suits under this provision allow for only injunctive relief and attorney's fees as remedies. *Id.*; 42 U.S.C. § 2000a-3; *Brown v. Showboat Atl. City Propco, LLC*, No. CIV.A. 08-5145 NLH, 2010 WL 5237855, at *3 (D.N.J. Dec. 16, 2010). There is no dispute the facility at the center of this lawsuit, a strip mall, is a "public accommodation" under the Act. *See* 42 U.S.C. § 12181(7)(E) (including a "shopping center" as a public accommodation).

Before the suit was filed, Harty's expert, Pablo Baez, performed an ADA accessibility inspection which detailed several violations mirroring those identified by Harty on his initial test. Baez issued a July 2, 2019 report attesting to these deficiencies. Harty filed his lawsuit on September 9, 2019. Defendant's expert, James Rappoport, filed a competing report on October 1, 2020. Nem Limited filed its Motion for Summary Judgment on November 23, 2020. Plaintiff filed his Motion for Summary Judgment on February 26, 2021.

## II. LEGAL STANDARD

Summary judgment can only be awarded when "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Liberty Mut. Ins. Co. v. Sweeney*, 689 F.3d 288, 292 (3d Cir. 2012). To defeat a motion for

summary judgment, there must be a factual dispute that is both genuine and material. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–49, (1986); *Dee v. Borough of Dunmore*, 549 F.3d 225, 229 (3d Cir. 2008). A material fact is one that "might affect the outcome of the suit under the governing law[.]" *Anderson*, 477 U.S. at 248. A dispute over a material fact is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Id.*

The movant bears the initial burden of demonstrating the absence of a genuine dispute of a material fact. *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016). When the movant is the defendant, they have the burden of demonstrating the plaintiff "has failed to establish one or more essential elements of her case." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013). If the movant sustains their initial burden, "the burden shifts to the nonmoving party to go beyond the pleadings and come forward with specific facts showing that there is a genuine issue for trial." *Santini v. Fuentes*, 795 F.3d 410, 416 (3d Cir. 2015) (internal quotation marks omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

At the summary judgment stage, the court's role is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007). In doing so, the court must construe the facts and inferences in the light most favorable to the non-moving party. *See Horsehead Indus., Inc. v. Paramount Commc'ns, Inc.*, 258 F.3d 132, 140 (3d Cir. 2001). Nonetheless, the court must be mindful that "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there

must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

III. **DISCUSSION**

Plaintiff has met his burden of proof for an ADA architectural barrier claim. For this reason, the Court will grant him summary judgment and deny Defendant's motion. This opinion will first discuss the standard for ADA public accommodation claims, and then discuss the elements Plaintiff has satisfied and those that Defendant has failed to substantiate.

**A. Plaintiff Met His Burden of Proof for an ADA Public Accommodation Claim**

Harty has demonstrated the elements of a proper ADA claim as to the architectural barriers at Nem Limited's strip mall. To prevail on an ADA claim based on an architectural barrier, a plaintiff must prove (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited by the ADA, and (2) for structures built before January 26, 1992 (such as the one in this case), the removal of the barrier is "readily achievable". *Antonio v. Yi*, 694 F. App'x 620, 622 (9th Cir. 2017) (citing 42 U.S.C. § 12182(b)(2)(A); 28 C.F.R. § 36.304). A "readily achievable" remedy is one that is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181. The statute lays out four factors for determining the achievability of a remedy:

> **(A)** the nature and cost of the action needed under this chapter;
> **(B)** the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility;
> **(C)** the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its facilities; and

4

> **(D)** the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.

42 U.S.C. § 12181(9).

Title III of the ADA does not explain which party has the burden of proving the removal of an architectural barrier is achievable (or not). *Colorado Cross Disability Coal. v. Hermanson Fam. Ltd. P'ship I*, 264 F.3d 999, 1002 (10th Cir. 2001). Based on a reading of § 12182(b)(2)(A)(iv) in conjunction with § 12182(b)(2)(A)(v), the Tenth Circuit ruled that a plaintiff must first "present evidence tending to show that the suggested method of barrier removal is readily achievable under the particular circumstances," and if this initial burden is met, a defendant "bears the ultimate burden of persuasion that barrier removal is not readily achievable under subsection (iv)". *Id.* at 1002-1003; *see also Pascuiti v. New York Yankees*, No. 98 CIV. 8186 (SAS), 1999 WL 1102748, at *1 (S.D.N.Y. Dec. 6, 1999) (outlining a similar burden-shifting framework).

The Second Circuit, in evaluating this burden question, took a slightly different tack, suggesting a plaintiff must "articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits,'" before a defendant can establish that the costs would exceed the benefits. *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008) (quoting *Borkowski v. Valley Cent. Sch. Dist.,* 63 F.3d 131, 138 (2d Cir. 1995)). In making this showing under the Second Circuit's standard, "Neither the estimates nor the proposal are required to be exact or detailed, for the defendant may counter the plaintiff's showing by meeting its own burden of persuasion and establishing that the costs of a plaintiff's proposal would in fact exceed the benefits." *Id.* The Second Circuit noted that this evaluation was less stringent than the *Colorado Cross* standard, as the Tenth Circuit's demand for plaintiffs to provide "precise cost

5

estimates" and "specific design details" was too much to ask, "particularly where defendants can so quickly dispose of non-meritorious claims by reference to their knowledge and information regarding their own facilities." *Id.* at 374 n.6. The Third Circuit has not directly ruled on this achievability burden question, but the *Colorado Cross* approach has been adopted in some form by the Second and Eleventh Circuits and several district courts, including some in the Third Circuit. *See, e.g., Access 4 All, Inc. v. ANI Assocs., Inc.*, No. CIV. 04-6297RBK, 2007 WL 2793373, at *6 (D.N.J. Sept. 25, 2007). As such, this Court will also adopt the *Colorado Cross* framework.

There is the additional question of which ADA standard Defendant is required to bring its structure into compliance with, were it found liable. Defendant contends that the 1991 ADA Standards for Accessible Design and not the 2010 Standards are applicable. Def.'s Mot. Summ. J. 6. However, the building's construction in the 1980s (predating the ADA) is not as dispositive on the question of standards as Defendant implies. The safe harbor provision of the federal regulations only applies to allow businesses that *already* comply with the 1991 ADA standards to not be subject to the 2010 standards. *See* 28 C.F.R. § 36.304(d)(2)(i) ("Elements that have not been altered in existing facilities on or after March 15, 2012 **and** that comply with the corresponding technical and scoping specifications for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards".) (emphasis added); *see also Kohler v. Flava Enterprises, Inc.*, 826 F. Supp. 2d 1221, 1229 (S.D. Cal. 2011), *aff'd*, 779 F.3d 1016 (9th Cir. 2015) ("Prior to March 15, 2012, a business owner can choose to comply with either the 2010 standards or the 1991 standards.").

For the purposes of Defendant's strip mall, this means that the building would *at least* need to comply with the 1991 standards. Defendant contends the building has not been modified

since its construction. Def.'s Mot. Summ. J. 7. However, Defendant presents no proof of this, in contrast to records it was able to provide of the building's age. Furthermore, the 2010 Standards apply on or after March 15, 2012 to existing elements, subject to the "readily achievable" proviso. *See* 28 C.F.R. § 36.304(d) Appendix (discussing compliance dates). Therefore, the 2010 Standards are applicable.

Plaintiff's expert, Pablo Baez, identified readily achievable methods of barrier removal that do not have excessive costs. Specifically, his report made direct references to accessibility problems including excessive slopes, accessible parking spaces lacking proper signs, and detailed potential modifications, combined with cost estimates.[2] *See* Baez Rep't 6-7, 9, 10-13 (providing cost estimates for each proposed remediation).

Other courts have found similar reports enough to meet the achievability burden. *See, e.g., Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 377–78 (2d Cir. 2008) ("The plaintiffs satisfied their initial burden of production by proffering plans—proposed themselves or with the aid of the independent architect—that would permit facially cost-effective wheelchair access to at least one of the pool areas"); *Access 4 All*, 2007 WL 2793373, at *6 (D.N.J. Sept. 25, 2007) ("Plaintiffs have met the burden of production by providing specific expert reports that suggest a method of barrier removal and evidence that the suggested method is readily achievable . . . . provid[ing] detailed suggestions of barrier removal along with detailed cost estimates."). Courts have generally sought more specificity from parties only when issues like historical preservation are implicated. *See, e.g., Colorado Cross*, 264 F.3d at 1011 ("It is quite evident from the record that the only concern that separates this case from the 'garden variety' ramping of a nine-inch entrance elevation is the subject property's inclusion on the National Register of Historic

---

[2] All citations to Plaintiff's expert report are from Exhibit 1 of the Nem Limited Motion for Summary Judgment, pages 18-35 of ECF 18. Inline citations will use the report's own pagination.

Places.") (Lucero, J., concurring); *Speciner v. NationsBank, N.A.*, 215 F. Supp. 2d 622, 632–33 (D. Md. 2002) ("there was little, if anything, to demonstrate that the City of Baltimore would move a bus stop and trees and approve a constriction of the sidewalk less than a block from the City's historical central intersection"). These concerns do not apply to a structure built in 1984 and first occupied in 1988. Def.'s Mot. Summ. J. Ex. 2 (ECF 18 at 37-40).

Plaintiff has therefore met his initial burden and Defendant in its report must make a showing that the changes are not readily achievable.

### B. Defendant's Counter-Report has Serious Deficiencies Precluding a Finding of No Liability

Defendant Nem Limited Partnership does not meet its burden of demonstrating that the removal of accessibility barriers "is not readily achievable under subsection (iv)". *Colorado Cross*, 264 F.3d at 1002. While non-monetary factors are plausibly considered in an analysis of the "readily achievable" standard, much of the statutory language focuses on cost. *Compare* 42 U.S.C. § 12181(9) (making multiple references to the "financial resources" of the owner of a facility), *with Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008) ("Because the concept of "readily achievable" is a broad one, either party may include in its analysis, as costs or benefits, both monetary and non-monetary considerations.").

In making its argument that the removal of barriers is not readily achievable, Defendant provides zero information as to its revenues, expenses, or cash on hand with which to contextualize its pleas of incapacity. To argue Plaintiff's proposed remediation measures are too expensive, Nem Limited's expert, James Rappoport,[3] simply states, "I note that this readily achievable predicate has in the past been defined as $20,000 by some rulings, while 'technically

---

[3] All citations to Defendant's expert report are from Exhibit 3 of the Nem Limited Motion for Summary Judgment, pages 41-59 of ECF 18. Inline citations will use the report's own pagination.

feasible' has also been stated as a predicate." Rappoport Rep't 13. But Rappoport does not cite any decisions, statutes, or regulations for the existence of this alleged rule. None of the cases Defendant cites in its Motion for Summary Judgment mention any bright-line amount applying to "readily achievable", let alone this purported $20,000 rule.[4] A claim of financial inability to make ADA modifications cannot rely on such slapdash work.

Furthermore, where Defendant's expert Rappoport disagrees with Plaintiff's expert Baez, he is *less* specific than Plaintiff, rather than the more specific defendant rebuttal suggested by *Colorado Cross* and its brethren. At paragraph 12 on page 14, Rappoport states that remediating the slope on the east to west sidewalk would require a curb raising. He then jumps to claiming Plaintiff's cost estimate of $25 per square foot was incorrect, and instead it would cost "more than $300,000" without detailing how he got to that number. *Id.* at 14. Other evaluations make the conclusory statement that a suggested change "is not readily achievable or technically feasible" without providing a competing estimate of the cost to make that change or explaining why Baez's numbers are wrong. *Id.* at 13-18. At the end of his report, he alleges Plaintiff is recommending "a +/- $400,000 re-build" of the lot, again without specifics as to where that number comes from. *Id.* at 15.

Furthermore, Rappoport actually concedes multiple ADA violations in his report, which at the very least precludes a summary judgment finding in favor of Defendant. *See Id.* at 10-12,

---

[4] These decisions are, in order of appearance in Defendant's Memorandum of Law seeking summary judgment: *Antonio v. Yi*, 694 F. App'x 620, 621 (9th Cir. 2017) (no mention of dollar amounts); *Tatum v. New Orleans City Park Improvement Ass'n*, No. CV 15-2508, 2016 WL 1660201 (E.D. La. Apr. 27, 2016) (no mention of dollar amounts); *Molski v. Foley Ests. Vineyard & Winery, LLC*, 531 F.3d 1043, 1046 (9th Cir. 2008) (discusses dollar amounts spent by the plaintiff prior to litigation and factual record findings, but no mention of any monetary standard for achievability); *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1272 (11th Cir. 2006) (no mention of dollar amounts); *Access for the Disabled, Inc. v. First Resort, Inc.*, No. 8:11-CV-2342-T-30EAJ, 2012 WL 4479005, at *2 (M.D. Fla. Sept. 28, 2012) (detailing the revenues of defendant facility but not stating any bright-line rule as to cost); *Kohler v. Flava Enterprises, Inc.*, 826 F. Supp. 2d 1221, 1232 (S.D. Cal. 2011) (no mention of dollar amounts); *Snyder v. Lady Slings the Booze, LLC*, 73 F. Supp. 3d 871, 876 (W.D. Ky. 2014) (no mention of dollar amounts).

14-15. These concessions include a statement that the curbs and parking areas have deteriorated and need "selective maintenance", that the sidewalks need smoothing out, and that several ADA spaces need proper signage, among other points. Pl.'s Mot. Summ. J. 20-21.

There is no evidence any changes have been made to the facility on the points of liability Defendant does not dispute. Nem Limited in its Motion only states—via Rappoport's report—that it "understood" the tenant had ordered a proper table to remedy the non-accessible pizza restaurant seating. Def.'s Mot. Summ. J. 13. A defendant seeking to moot a case based on "voluntary compliance" must meet the "formidable burden" of demonstrating "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). In the ADA Title III context, this means Nem Limited has the burden of persuading this Court "that each alleged barrier 'cannot reasonably be expected to start up again.'" *Crandall v. Starbucks Corp.*, 249 F. Supp. 3d 1087, 1109 (N.D. Cal. 2017) (citing *Id.* at 189). Defendant makes no such showing. Beyond a statement about the table, there is no reference to actions taken to rectify any other access barrier issue such as (for example) the addition of ADA-compliant parking signage.

For these reasons, Defendant has not provided enough in its briefing and expert report to rebut Plaintiff's showing of ADA liability. As a result, Defendant's Motion for Summary Judgment must be denied.

**IV.   CONCLUSION**

For the foregoing reasons, summary judgment for Plaintiff is granted on each of the ADA violations identified in Baez's report. Defendant's Motion for Summary Judgment is denied. An appropriate order follows.